**Donna Jeanne MOSS, Plaintiff–Appellant,**

v.

**THE ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF AMSTERDAM, The Board of Education of the Greater Amsterdam School District, Arthur P. Cotugno, Claire Ludwin, Michael Decker, Daniel De Rossi, Charles Ferris, Mark A. Miller, Frank Perisco, Emanuel Rosen, and Ronald Limoncelli, Defendants–Appellees.**

No. 03–7342.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Donna Jeanne Moss, Kingston, NY, on Submission for Appellant, pro se.

David T. Luntz, Ryan & Smallacombe, PLLC, Albany, NY, Attorney for Enlarged, City School District of the City of Amsterdam, Board of Education of GASD, Claire Ludwin, Michael Decker, Daniel De Rossi, Charles Ferris, Mark A. Miller, Frank Persico, Emanuel Rosen, and Ronald Limoncelli, Derek L. Hayden, Horigan, Horigan, Lombardo & Kelly, Amsterdam, NY, for Arthur Cotugno, for Defendants–Appellees.

PRESENT: JACOBS, STRAUB, and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Plaintiff Donna Moss, *pro se,* challenges the grant of summary judgment dismissing her claims of race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e; 42 U.S.C. §§ 1981, 1983, 1985 and 1988; the Fourteenth Amendment; N.Y. Exec. Law § 290; and the New York State constitution. We affirm for substantially the rea-

sons stated by the United States District Court for the Northern District of New York (Kahn, *J.*) in its Memorandum and Order filed March 3, 2003.

Moss alleges that during her contractual tenure as Interim Director of Instruction, defendants consistently treated her differently from directors who were male and who were not married to a person of another race. She also claims that a poor performance evaluation that she received in February 1992 and the subsequent decision by the defendants not to extend her contract was in retaliation for her activities opposing discrimination in the Greater Amsterdam School District ("the GASD").

As to the Title VII claim, the district court correctly found that Moss failed to meet her burden of proof under *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) that her discharge occurred in circumstances giving rise of an inference of discrimination. *See also Fisher v. Vassar College,* 114 F.3d 1332, 1335 (2d Cir.1997) (en banc). The district court found that Moss had merely provided conclusory allegations and anecdotal evidence. Moreover, even if Moss could establish her prima facie case, the defendants advanced legitimate non-discriminatory reasons for non-remand, i.e., proof that Moss was not performing her job well and had personality conflicts with GASD staff and administrators.

Applying the *McDonnell Douglas* framework to her claim of retaliatory discharge, we conclude that Moss has failed to meet her burden of proof since she cannot show that the GASD decision not to renew her contract had any causal connection to her asserted efforts to improve race relations or her complaints of discrimination.

We have reviewed the other claims raised by Moss on appeal and we find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.